GEORGE E. EGGER, Appellant, v. CHARLES A. WILCOX, Respondent. .

St. Louis Court of Appeals. Submitted on Briefs April 5, 1915. Opinion Filed May 4, 1915.

1. CONTRACTS: Action for Breach: Sufficiency of Evidence. In an action for damages for the breach of a contract, it was shown that defendant contracted to convey to plaintiff certain real estate subject to two deeds of trust, one of which was to secure an indebtedness of $1000, less forty dollars, which had been paid, payable at the rate of forty dollars per month, but that the deed of trust was actually given to secure eleven notes for forty dollars each, due monthly, and one note for $560, due in twelve months. Plaintiff testified that, upon discovering the true facts respecting the maturity of the indebtedness, which was after the deed conveying the property subject to the deeds of trust had been made and after he had paid one or more of the forty dollar notes, he refused to pay any more of the notes, because of his inability to handle the $560 note at maturity, and the deed of trust was foreclosed and the property sold; but it was shown that a certificate of title, showing the true facts respecting the indebtedness, was delivered to plaintiff or his agent, before the deed was made. *Held*, that these facts warranted a finding that there was no breach of contract by defendant.

2. APPELLATE PRACTICE: Conclusiveness of Findings. In an action at law tried to the court, the appellate court is bound by the trial court's finding on all questions of fact, if supported by substantial evidence and in accordance with the law.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*Henry B. Davis, Charles Erd, Carlisle Durfee* and *Loren E. Massey* for appellant.

(1) Where, in an action for the recovery of damages for the breach of a contract, the execution of the contract and its breach are admitted by the defend-

ant, even in the absence of evidence showing any substantial damages resulting from such breach, the law presumes that there was damage, and it is the duty of the trial court to render judgment in favor of the plaintiff for nominal damages. Lampert v. Drug Co., 119 Mo. App. 693; Halliday v. Lesh, 85 Mo. App. 285, 289; Fulkerson v. Eads, 19 Mo. App. 620; Lampert v. Drug Co., 238 Mo. 409, 415. (2) In an action for the recovery of damages for the breach of a contract, where the uncontradicted and unimpeached evidence discloses that plaintiff has lost property as the result of such breach, the measure of his damages is the value of such property, and the plaintiff is entitled to judgment for the value thereof, as shown by the evidence. Kirkpatrick v. Downing, 58 Mo. 32; Hartzell v. Crum, 90 Mo. 629; Matheny v. Stewart, 108 Mo. 73; Kyle v. Hoyle, 6 Mo. 526; Scuder v. Waddington, 7 Mo. App. 26; Hayes v. Connolly, 12 Mo. App. 595. (3) A person induced to buy land, by reason of false representations of the vendor, may recover damages from the latter, although he relied also on information from other sources. Bicraft v. Grist, 52 Mo. App. 586. (4) When one makes a representation where he has no knowledge whether it is true or false, he affirms its truth, and is guilty of fraud if it be false. Miller v. Ranken, 136 Mo. App. 426; Chase v. Rusk, 90 Mo. App. 25; Judd v. Walker, 215 Mo. 312, 325; Mires v. Summerville, 85 Mo. App. 183. (5) A party defrauded in a transaction, on discovery of the fraud, may stand by the contract, and sue for damages resulting from the fraud and deceit. Shinneberger v. Shelton, 41 Mo. App. 147; Owens v. Rector, 44 Mo. 389; Parker v. Marquis, 64 Mo. 38; Campbell v. Hoff, 129 Mo. 317. (6) The gist of an action founded on fraudulent representations, when damage results, is the fraud of defendant, and when it appears that a representation is made which is known to be false at the time it is made, and the person to whom it is made relied upon it, and was deceived

thereby, to his injury, an action lies against the party making such false representation. Dulaney v. Rogers, 64 Mo. 201. (7) A person signing a contract is conclusively presumed to know its contents, and to accept the same, and all prior negotiations are merged in the writing; but fraud cannot be merged, and may be shown to have been the inducement for entering into the contract. Leicher v. Keeney, 98 Mo. App. 394. (8) Where it is sought to hold a principal responsible for his agent's fraud, it is immaterial that the principal never authorized the agent to practice the fraud. Phipps v. Mallory Com. Co., 105 Mo. App. 67.

*Frank H. Haskins* for respondent.

(1) The deed of trust on the property corresponded with the deed of trust described in the contract, so that there was no breach of contract. (2) Even if there was a variation between the deed of trust on the property and the one described in the contract, the variation was so insignificant and immaterial that there was a substantial compliance with the contract so that no breach could be claimed. Nelson v. Mitchell, 38 Mo. App. 321; Hovey v. Pitcher, 13 Mo. 191. (3) Variations in a contract which were treated at the time as immaterial by both parties will not afterward be treated as departures from the contract. Wildey v. School Dist., 25 Mich. 419. (4) Where a party knowingly acquiesces in a deviation from a contract, he waives a strict performance and estops the person acquiescing from objecting to the change. Pike v. Nash, 40 N. Y. (1 Keyes) 335; Keating v. Korfbags, 88 Mo. 524; Minor v. Edwards, 12 Mo. 142. (5) Where plaintiff accepts a substituted performance differing from the original contract it will discharge the contract. Rucker v. Harrington, 52 Mo. App. 495. (6) Even if a party at the time of accepting a defective title, did

not know of the defect but subsequently discovers it and does not within a reasonable time, make any objection to the defect, such acts are a waiver of the defect. Minor v. Edwards, 12 Mo. 142. (7) Whether a new agreement has been substituted for an old one and then operates as a rescission or discharge of it must be determined by the intention of the parties as shown by their conduct. Rogers v. Rogers, 139 Mass. 440. (8) A writing complete in itself, without ambiguity, will supersede a prior written contract relating to the same subject-matter. The deed accepted by plaintiff was a contract which superseded the original contract. Howard v. Scott, 98 Mo. App. 509; Chrisman v. Hodges, 75 Mo. 413; Munford v. Wilson, 15 Mo. 540; McClurg v. Whitney, 82 Mo. App. 625. (9) Appellant's only allegation of damage, by reason of the deed of trust, is that the property was sold for a default in payment of the $560 note. There is absolutely no evidence to support this allegation.

REYNOLDS, P. J.—By his petition in this case plaintiff avers that defendant, in consideration of the transfer to him by plaintiff of certain real estate in Pulaski county, Missouri, and other valuable considerations, had, on or about July 20, 1910, agreed to convey to plaintiff certain improved real estate in the city of St. Louis described, the latter subject to a first deed of trust of $4000, "and a second deed of trust of $1000, payable $40 per month, on which $40 has been paid, which said deeds of trust plaintiff agreed to assume."

There is a further allegation that the defendant had guaranteed that the property was rented by bonafide tenants but that this was not the fact. As this issue disappeared from the case it is unnecessary to notice it any further.

Charging that defendant did not convey the St. Louis property with the incumbrances thereon as in

the contract stated, but "that there was a payment of $560 due on said property, or to become due shortly after said contract was entered into on said second deed of trust, and that the owner and holder of said deed of trust sold said property, in default of said $560 payment, so that the property was wholly lost to plaintiff," plaintiff avers that he has been damaged in the sum of $1700 for which he asks judgment.

The answer, after a general denial, avers that plaintiff had full knowledge of the dates of maturity of the several notes secured by the deed of trust described in his petition and the amounts thereof before the property was conveyed to him and before he parted with the consideration thereof, and that plaintiff had accepted the property and held the same without objection after he had full knowledge of the dates, maturity and amounts of the notes.

A reply denying this affirmative matter was filed.

A jury having been waived, trial was had before the court, the court finding for defendant and rendering judgment accordingly, from which, interposing a motion for new trial and excepting to the action of the court in overruling it, plaintiff has duly perfected his appeal to our court.

Learned counsel for the respective parties have filed very elaborate briefs but the case really lies within a very narrow compass. It appears that the parties, through their respective agents, having negotiated for the exchange of the property, signed a written contract for that purpose, of date July 20, 1910, in which contract it is recited that the city property which defendant proposed to convey to plaintiff for the country property was subject to two deeds of trust, the first for $4000, the second for $1000, "payable $40 per month, of which $40 has been paid," which the plaintiff agreed to assume and pay. It is over this statement that the second deed of trust for $1000 was "payable $40 per month," that the controversy really

arises. But as to this recital in the contract, there is evidence tending to show that after the execution of this contract, the agent of defendant gave to either plaintiff or his agent a certificate of title issued by a title investigating company, which showed title down to June 16, 1910, on that date, June 16, 1910, to be vested in defendant, subject to certain restrictions set out in the reported deed and clear of lien, "except deed of trust dated January 26, 1908, recorded in Book 2211, page 1, and given to trustee of Leo A. Hackmann, to secure one note for $4000, at three years, and six interest notes for $120 each, due one every six months. Deed of trust dated June 10, 1910, filed for record June 13, 1910 (daily No. 74), and given to trustee of Christian H. Prior, to secure eleven notes for $40 each, due in from one to eleven months, and one note for $560, due in twelve months, with six per cent interest from date. Subject to above deed of trust." This certificate of title was given to plaintiff or his agent, as there is evidence tending to prove, to have the examination of the title brought down to the date of acquisition of title by plaintiff. Subsequent to the making of the contract of July 20, 1910, the parties went on with the trade, the plaintiff conveying the country property to defendant, and defendant, by general warranty deed of date August 3, 1910, conveying the city lots to plaintiff, it being recited in this deed, however, that the conveyance was made "subject to the conditions and restrictions now of record; also this conveyance is made subject to a deed of trust to secure the payment of $4000, and the interest to accrue thereon, also subject to a second deed of trust to secure the payment of $1000 and the interest to accrue thereon, now of record, which the purchaser assumes and agrees to pay."

Plaintiff testified that he did not understand that this $1000 indebtedness was represented by eleven notes of $40 each and by one note of $560, the latter maturing according to its terms one year from June

10, 1910, but thought that all of the payments were to fall due at monthly periods and were for $40 each. It is true plaintiff testifies that he thought all the unpaid notes were for $40 each, maturing monthly, but we fail to find any evidence even tending to show that defendant or his agent said or did anything to mislead plaintiff as to this. The debt, as he knew, was $1000, and due one year from June 10, 1910; at $40 a month it was impossible to pay off the $1000 in a year. Plaintiff testifies that after he acquired the property and found that this $560 note fell due on the 10th or 11th of June, 1911, that he was unable to handle the property or do anything with it, and he thereupon, after having paid one or more of the $40 notes, failed to pay any of the other $40 notes. It was for default in payment of two of the notes that the property was sold under the provisions of the deed of trust of May 29, 1911. At this sale it was struck off to defendant for $798. The defendant testified that he made this purchase to protect himself against the $4000 deed of trust which was a prior incumbrance. It appears also that from the time of the execution and delivery to the plaintiff of the deed to the city property by defendant, he had been in possession of it and had collected rents.

On reading and on consideration of the testimony in the case as presented in the abstract, we are unable to see that plaintiff made out his case. The certificate of title which was given to him, or to his agent, contained sufficient data to advise him of where the two deeds of trust which were involved were recorded, their amounts, and it is distinctly stated in that certificate that the second deed of trust is for $1000, evidenced by eleven notes of $40 each, and one for $560, the latter maturing one year from its date, June 10, 1910. There is no testimony which tends to show any fraud or imposition practiced upon plaintiff by defendant, or by defendant's agent, in fact none is

charged, the case proceeding mainly on the theory of lack of knowledge by plaintiff of the maturity of the $560 note and hence inability to protect the property from the lien, and loss of the property. The case, as noted, was tried by the court as a jury and on all questions of fact we are bound by his decision, if supported by substantial evidence and in accordance with the law. Considering the evidence, we are led to conclude that if accepted by the trial court, it does support his finding and we are unable to see any error to the prejudice of plaintiff in the application of the law to the facts. We see no legal ground on which to reverse the judgment.

The learned counsel for appellant argues with great earnestness that even if plaintiff was not entitled to substantial damages, there was such a breach of the contract shown as to entitle him to at least nominal damages. We cannot concur in this view of it. There was evidence from which the trial court was warranted in finding that there had been no breach of contract by the defendant. If that was so, plaintiff was not entitled to even nominal damages.

The judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.

